## LEVINE v. LITOWITCH.

(Supreme Court, Appellate Term, First Department.    May 7, 1914.)

PAYMENT (§ 73*)—EVIDENCE—SUFFICIENCY.

In an action upon a check given to a partnership for money loaned by it, which check had been assigned to the plaintiff, evidence *held* to show by a clear preponderance that the amount of the loan represented by the check had been repaid by the defendant to the firm.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 220, 222–225, 232–238; Dec. Dig. § 73.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Joseph M. Levine against Max Litowitch. From a judgment in the Municipal Court in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued April term, 1914, before GUY, PAGE, and WHITAKER, JJ.

Kramer & Bourke, of New York City, for appellant.

David Harr, for respondent.

GUY, J. This action was brought to recover the amount of a check given in payment of a loan by defendant to the firm of Levine & Ludwig, plaintiff's assignors, which firm consisted of plaintiff and a brother of defendant.

Defendant testified to the circumstances of the making of the loan of $300 by the firm through defendant's brother, and his giving the check in suit in return therefor, said check being dated some weeks ahead; that subsequently defendant's brother, on behalf of the firm, came to him and collected in part payment of the check $200, consisting of $125 cash and $75 in the form of a check of a third party to the order of defendant, which defendant indorsed over to plaintiff's assignors; also to a subsequent payment of $100 by defendant's check. Defendant also testified to a conversation between himself and both members of the firm of Levine & Ludwig, in which Ludwig, defendant's brother, told his partner, the plaintiff, that defendant had paid the check in full.

Plaintiff testified that he knew nothing about the loan or the check until about two years after its date, when, in settling the firm's affairs and making an assignment to plaintiff of his interest in the firm's business, defendant's brother handed the check to him as part of the assets; that he then deposited the check in his bank, and it was returned

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

unpaid. Plaintiff also testified that he knew of no other transactions whereby defendant became indebted to plaintiff's assignors.

The defendant's testimony as to the payments was clear and explicit, and he produced the third party's check for $75, with indorsement thereon, showing that it had been deposited to the account of plaintiff's assignors and collected by them. Defendant also produced the stub of his check book used at the time, purporting to show a payment, some time after the making of the check in suit, of $100 by check to plaintiff's assignors. Defendant's brother is now in an insane asylum and cannot be called as a witness. Under the circumstances of the case, I am of the opinion that the judgment is clearly against the weight of evidence.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.